UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AXION POWER INTERNATIONAL, INC.,
WILLIAM AND TRACY AHEARN, h/w, SALLY
FONNER, and JAMES SMITH, M.D.,

                        Plaintiffs,

        - against -

MERCATUS & PARTNERS, LTD., MF GLOBAL,
INC., MF GLOBAL, UK, Ltd., CARI MASI a/k/a
CARY MASI, BNP PARIBAS SECURITIES
SERVICES, BANCA MB S.p.A., DWIGHT
PARSCALE, STEPHANO CEVALO,
CONTINENTAL STOCK TRANSFER AND
TRUST COMPANY, PENSON FINANCIAL
SERVICES, INC., and BROWN BROTHERS
HARRIMAN & CO.,

                       Defendants.

---

Civ. Action No. 07-CV-11493

**DEFENDANT PENSON FINANCIAL SERVICES, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
<u>**MOTION TO DISMISS THE COMPLAINT**</u>

Mayer Brown LLP
1675 Broadway
New York, New York 10019
(212) 506-2500
*Attorneys for Defendant*
*Penson Financial Services, Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ...............................................................................................................1

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................2

    I.   PLAINTIFFS' FRAUD CLAIMS SHOULD BE DISMISSED ......................................3

    II.  THE CONVERSION COUNT FAILS TO STATE A CLAIM
        UPON WHICH RELIEF MAY BE GRANTED ............................................................7

    III. PLAINTIFFS' OTHER CLAIMS SHOULD BE DISMISSED .....................................9

        A.  THE UNJUST ENRICHMENT/*QUANTUM MERUIT*
            CLAIM SHOULD BE DISMISSED .................................................................9

        B.  PLAINTIFFS' CONSPIRACY CLAIM SHOULD BE
            DISMISSED ....................................................................................................10

        C.  PLAINTIFFS' DECLARATORY ACTION COUNT
            CANNOT STAND ...........................................................................................11

CONCLUSION ..................................................................................................................12

## TABLE OF AUTHORITIES

<u>Cases:</u>                                                                                                                <u>Page</u>

*60223 Trust v. Goldman, Sachs & Co.*,
   No. 03 Civ. 3548(TPG), 2007 WL 4326730 (S.D.N.Y. Dec. 4, 2007) ...............................3

*Abbatiello v. Monsanto Co.*,
   --- F. Supp. 2d ----, 2007 WL 3274771 (S.D.N.Y. Nov. 2, 2007) ..........................................9

*Acito v. IMCERA Grp., Inc.*,
   47 F.3d 47 (2d Cir. 1995).............................................................................................................5

*AD Rendon Comms., Inc. v. Lumina Assocs., Inc.*,
   No. 04-CV-8832 (KMK), 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007) ...............................8

*Amron v. Morgan Stanley Inv. Advisors Inc.*,
   464 F.3d 338 (2d Cir. 2006).........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) .............................................................................................................2-3

*BHC Interim Funding, L.P. v. Finantra Capital, Inc.*,
   283 F. Supp. 2d 968 (S.D.N.Y. 2003)..........................................................................................6

*Brownstone Inv. Grp., LLC v. Levey*,
   468 F. Supp. 2d 654 (S.D.N.Y. 2007)..........................................................................................4

*Dovitz v. Rare Medium Grp., Inc.*,
   No. 01 Civ. 10196, 2002 WL 1225540 (S.D.N.Y. June 4, 2002).................................................6

*Dura Pharm., Inc. v. Bruodo*,
   544 U.S. 336 (2005).....................................................................................................................3

*Fesseha v. TD Waterhouse Inv. Svcs., Inc.*,
   305 A.D.2d 268 (1st Dep't 2003) ................................................................................................9

*Goplen v. 51job, Inc.*,
   453 F. Supp. 2d 759 (S.D.N.Y. 2006).....................................................................................4, 5

*The High View Fund, L.P. v. Hall*,
   27 F. Supp. 2d 420 (S.D.N.Y. 1998)............................................................................................9

*Hunt v. Enzo Biochem, Inc.*,
   --- F. Supp. 2d ----, 2008 WL 111014 (S.D.N.Y. Jan. 9, 2008)...................................................5

*In re Scottish Re Group Secs. Litig.*,
   524 F. Supp. 2d 370 (S.D.N.Y. 2007)..........................................................................................3

*Interstate Adjusters, Inc. v. First Fidelity Bank, N.A.*,
   251 A.D.2d 232 (1st Dep't 1998) ..........................................................................8

*Kalin v. Xanboo, Inc.*,
   --- F. Supp. 2d ----, 2007 WL 273546 (S.D.N.Y. Jan. 31, 2007)............................4

*Kashelkar v. Bluestone*,
   No. 06 Civ. 08323 (LTS)(THK), 2007 WL 2791432 (S.D.N.Y. Jul. 25, 2007)...........3, 4, 11

*Kaye v. Grossman*,
   202 F.3d 611 (2d Cir. 2000)................................................................................10

*MacDonnell v. Buff. Loan, Trust & Safe Dep. Co.*,
   193 N.Y. 92 (1908) ..............................................................................................8

*Miller v. Wells Fargo Bank Int'l Corp.*,
   540 F.2d 548 (2d Cir. 1976).................................................................................9

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir. 1993).................................................................................4

*Newbro v. Freed*,
   409 F. Supp. 2d 386 (S.D.N.Y. 2006)...................................................................9

*Phillips v. Girdich*,
   408 F.3d 124 (2d Cir. 2005)................................................................................3

*Regions Bank v. Wieder & Mastroianni, P.C.*,
   --- F. Supp. 2d ----, 2007 WL 4276881 (S.D.N.Y. Nov. 26, 2007) .........................8

*Roer v. Oxbridge Inc.*,
   198 F. Supp. 2d 212 (E.D.N.Y. 2001) ..................................................................6

*Russian Std. Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc.*,
   --- F. Supp. 2d ----, 2007 WL 4145277 (S.D.N.Y. Nov. 20, 2007) ................... 9-10

*Smith v. Local 819 I.B.T. Pension Plan*,
   291 F.3d 236 (2d Cir. 2002).................................................................................6

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
   128 S. Ct. 761 (2008)........................................................................................2, 7

*Tevdorachvili v. Chase Manhattan Bank*,
   103 F. Supp. 2d 632 (E.D.N.Y. 2000) ................................................................8, 9

<u>Rules/Statutes</u>

FED. R. CIV. P. 12(b)(6)..............................................................................................1, 2, 7

FED. R. CIV. P. 9(b) ................................................................................................................. passim

15 U.S.C. § 78u-4(b)(2) .................................................................................................................4

## INTRODUCTION

Defendant Penson Financial Services, Inc. ("Penson"), by and through its attorneys, Mayer Brown LLP, submits this memorandum of law in support of its motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order dismissing the complaint dated December 20, 2007 (the "Complaint") as against Penson.

## PRELIMINARY STATEMENT

Penson is named as a Defendant in this action despite having no role in the relevant transaction until well *after* plaintiffs Axion Power International, Inc. ("Axion"), William and Tracy Ahearn, Sally Fonner and James Smith, M.D. (collectively "Plaintiffs") allegedly lost their shares of Axion stock. (Compl. ¶¶ 19-27)  Penson is not alleged to have been involved in any discussions or arrangements among the purchasers, sellers and transfer agents in the disputed stock transaction; in fact, Penson is not alleged to have had any communications at any time with any of the Plaintiffs.  Nevertheless, Plaintiffs have named Penson as a defendant in this case, based on the mistaken notion that Penson's receipt of a portion of the subject shares of Axion stock at least four months after the allegedly tortious conduct occurred, somehow gives rise to a claim for relief.  (*Id.* ¶¶ 59(e)-(f))  Plaintiffs' theory of liability against Penson has no merit.

The Complaint mentions Penson by name in only six paragraphs. (*Id.* ¶ 11 (identifying Penson as one of the Defendants), ¶ 59 (stating that Penson received certain stock); ¶¶ 69-71 (reiterating that Penson is in possession of the stock, and alleging conversion); ¶ 79 (claiming that Penson, along with certain other defendants, committed securities fraud))  There are no further allegations against Penson (besides the conclusory allegations in various counts that are group-pled against all Defendants).

Despite Penson's tenuous connection to the transactions at issue, and its obvious marginal role in the story that Plaintiffs allege in their Complaint, Plaintiffs purport to assert six theories of liability against Penson: (i) common law fraud, (ii) securities fraud, (iii) conversion, (iv) civil conspiracy, (v) unjust enrichment/*quantum meruit* and (vi) "declaratory action." These claims all should be dismissed.

Plaintiffs do not plead the basic elements of a fraud claim (let alone with the requisite particularity), and their so-called "scheme liability" theory against Penson is barred by the Supreme Court's recent decision in *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761 (2008). Plaintiffs' conversion claim is inadequately pleaded, and otherwise fails as a matter of law in the absence of any demand by Plaintiffs for the return of the allegedly converted stock. Plaintiffs' unjust enrichment/*quantum meruit* claim likewise must be dismissed because there is no allegation that Penson's alleged current possession of Plaintiffs' stock is somehow inuring to Penson's benefit. And Plaintiffs' derivative civil conspiracy and "declaratory action" claims fail because the underlying claims against Penson have no merit. In short, Penson should never have been named in this dispute and all claims against Penson should be dismissed.[1]

## ARGUMENT

The standard for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is well established. A complaint must allege "enough factual matter . . . to raise a reasonable expectation that discovery will reveal evidence" regarding the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Although courts should read complaints liberally and "'dismissal on the pleadings is never warranted unless the plaintiff's allegations are doomed to fail under any available legal theory,' . . . [a] plaintiff must allege those facts *necessary* to a

---

[1] In addition to the arguments set forth herein, Penson adopts the reasoning set forth in the Motion to Dismiss filed today by Defendant Brown Brothers Harriman & Co. for why Plaintiffs' fraud claims fail.

2

finding of liability." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) and *Dura Pharm., Inc. v. Bruodo*, 544 U.S. 336, 346-47 (2005)) (emphasis in original). Allegations in the complaint must rise to the level of "plausibility," or they should be dismissed. *Bell Atl.*, 127 S. Ct. at 1970.

Claims sounding in fraud must also satisfy the stringent pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kashelkar v. Bluestone*, No. 06 Civ. 08323 (LTS)(THK), 2007 WL 2791432, at *6 (S.D.N.Y. Jul. 25, 2007); *see also In re Scottish Re Group Secs. Litig.*, 524 F. Supp. 2d 370, 383 (S.D.N.Y. 2007).

Applying these standards, the 127-pagaraph Complaint, with just six paragraphs mentioning Penson (and none of which suggesting that Penson engaged in any kind of wrongdoing), should be dismissed as against Penson.

## POINT I.

### PLAINTIFFS' FRAUD CLAIMS SHOULD BE DISMISSED

Plaintiffs assert two fraud-based claims against Penson: violation of Securities Exchange Act of 1934, Section 10(b), 15 U.S.C. § 78j(b) (the "Section 10(b) Claim") (Count I), and common law fraud (Count V). The Court should dismiss these Counts against Penson because the Complaint does not allege the elements of these claims as against Penson, and these fraud claims are devoid of the requisite specificity to survive a motion to dismiss.

A plaintiff alleging a violation of Section 10(b) must allege: that defendants made misstatements or omissions of material fact, with scienter, in connection with the purchase or sale of securities, and that plaintiffs' reliance on such statements proximately caused the claimed loss. *See, e.g., 60223 Trust v. Goldman, Sachs & Co.*, No. 03 Civ. 3548(TPG), 2007 WL 4326730, at *8 (S.D.N.Y. Dec. 4, 2007). Like a claim under 10(b) of the Securities Exchange Act, a common law fraud claim under New York law requires a plaintiff to allege "(1) a material

3

misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) an intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Kashelkar*, 2007 WL 2791432 at *6 (quoting cases).

Plaintiffs' fraud claims against Penson must be dismissed here because they are not pled with the requisite level of specificity. Under Rule 9(b), the Complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* (citing *Brownstone Inv. Grp., LLC v. Levey*, 468 F. Supp. 2d 654, 658 (S.D.N.Y. 2007) and *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). Where, as here, "multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id.* (quoting cases). This standard requires Plaintiffs to plead the "who, what, when, where, and how" of the alleged fraud. *Kalin v. Xanboo, Inc.*, --- F. Supp. 2d ----, 2007 WL 273546, at *6 (S.D.N.Y. Jan. 31, 2007) (quoting cases).

Moreover, the PSLRA, designed to curb frivolous securities fraud lawsuits and to give defendants "fair notice" of what they are being charged with, also imposes a heightened pleading requirement on plaintiffs. *Id.* (collecting cases). Under the PSLRA, a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In the Second Circuit, this means that the Complaint must either (a) allege facts showing that defendants had both motive and opportunity to commit fraud, or (b) allege facts that serve as "strong circumstantial evidence of conscious misbehavior or recklessness." *Goplen v. 51job, Inc.*, 453 F. Supp. 2d 759, 770-71 (S.D.N.Y. 2006) (quoting

4

*Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995)). Plaintiffs have failed to meet these standards.

The Complaint contains no allegations of what *Penson* did or did not say.[2] There is no "who, what, when or where" with respect to Penson. Indeed, the Complaint is silent as to Penson's motive, opportunity or *scienter* to commit fraud. There are no factual allegations—as are required under the PSLRA—about Penson having a "motive and opportunity to commit fraud," or that serve as "strong circumstantial evidence of conscious misbehavior or recklessness." *Goplen*, 453 F. Supp. 2d at 770-71. There are no allegations that Plaintiffs in any way relied on what *Penson* did or did not do; and the Complaint fails to plead "transaction causation" or "but for" causation against Penson in particular. *Hunt v. Enzo Biochem, Inc.*, --- F. Supp. 2d ----, 2008 WL 111014, at *8 (S.D.N.Y. Jan. 9, 2008). The Complaint merely alleges in conclusory fashion that *all* Defendants (presumably, including Penson) "engaged in the Scheme with a mental state embracing an intent to deceive, manipulate and defraud and thus acted with the scienter required by Section 10(b)(5)." (Compl. ¶ 81) This is impermissible.

By lumping Penson in with nearly every other Defendant in this action, Plaintiff violates the mandates of Rule 9(b) and the PSLRA. It is impossible to find a single instance of how Penson -- independent of all other Defendants -- made a misrepresentation, had the intent to defraud Plaintiffs and in some way caused Plaintiffs to rely on its conduct. Accordingly, Counts I and V should be dismissed for failure to plead fraud with specificity.

Moreover, independent of failing to plead fraud against Penson with specificity, Plaintiffs' articulated fraud theories do not state a claim against Penson upon which relief can be

---

[2] In fact, the misstatements alleged in Paragraph 80 relate to inducements to get Plaintiffs to enter into the transactions in the first place, whereas the only factual allegations in the Complaint pertaining to Penson indicate that Penson had no involvement in this matter until many months *after* the transactions supposedly occurred. (*Compare* Compl. ¶ 80 *with id.* ¶¶ 57-59)

5

granted because at most, the Complaint only alleges that Penson is in wrongful possession of Plaintiffs' stock. It is apparent from a reading of the Complaint that Plaintiffs have no direct fraud claim against Penson. There are no allegations that Penson said anything to Plaintiffs (let alone made misstatements, nor do they allege that Penson had a duty to speak and failed to say anything), that Penson had any intent to defraud Plaintiffs, or that Plaintiffs relied in any way on Penson's conduct. Plaintiffs' blunderbuss conclusory allegations against all Defendants, besides being legally insufficient (*see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)), also are logically incoherent.

The few factual allegations in the Complaint against Penson state that Penson was not involved with Plaintiffs' securities until four months *after* the transactions in question occurred; the Complaint asserts that Penson came into wrongful possession of Plaintiffs' securities in May 2006 when BBH delivered them to Penson. (*See* Compl. ¶¶ 57-59). Plaintiffs do not, and cannot, allege that Penson somehow made a representation or omission to Plaintiffs that caused them detriment; Penson was not involved in this transaction until after Plaintiffs were allegedly defrauded. When the timing of Penson's alleged conduct is considered, Plaintiffs' fraud claims against Penson are revealed to be entirely frivolous. *See, e.g., BHC Interim Funding, L.P. v. Finantra Capital, Inc.*, 283 F. Supp. 2d 968, 978 (S.D.N.Y. 2003) (holding that "alleged misrepresentations, made after" a closing date "were not made 'in connection with' the purchase or sale of any security"); *Dovitz v. Rare Medium Grp., Inc.*, No. 01 Civ. 10196, 2002 WL 1225540, at *3 (S.D.N.Y. June 4, 2002) (no liability where defendant's conduct did not occur until after the date of the purchase of stock); *Roer v. Oxbridge Inc.*, 198 F. Supp. 2d 212, 226 (E.D.N.Y. 2001) (same) (collecting cases).

6

Plaintiffs attempt to justify their fraud claims against Penson by accusing Penson (along with all the other Defendants) of engaging in what the Complaint calls a "Scheme" to defraud. (See Compl. ¶ 80) The Supreme Court of the United States recently held that such a theory of "scheme" based liability does not give rise to a private cause of action under the federal securities laws. The Court held that "there is no authority for [a] rule" that would permit investors, like Plaintiffs, to bring lawsuits based "not only upon the public statements relating to a security, but also upon the transactions those statements reflect." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761, 765 (2008). Holding that Section 10(b) "does not reach all commercial transactions that are fraudulent and affect the price of a security in some attenuated way," the Court explicitly denounced so-called "scheme liability." *Id.* at 771. The Court rejected this theory because it would "revive in substance the implied cause of action against all aiders and abettors except those who committed no deceptive act in the process of facilitating the fraud," which would be inconsistent with Congress's determination that only the SEC has the right to bring such actions. *Id.* By alleging that Penson was involved in a "Scheme" to defraud, the securities fraud claim in the Complaint runs afoul of *Stoneridge*, and should be dismissed for failure to state a claim.

For all of these reasons, Plaintiffs' common law and securities fraud claims should be dismissed pursuant to Federal Rules 12(b)(6) and 9(b) and the PSLRA.

## POINT II.

### THE CONVERSION COUNT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiffs' conversion claim also is deficient as a matter of law as against Penson. For a plaintiff to adequately state a claim for conversion, a Complaint must allege that: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership,

7

possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *AD Rendon Comms., Inc. v. Lumina Assocs., Inc.*, No. 04-CV-8832 (KMK), 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007) (citation omitted). Moreover, "[w]hen a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made." *Regions Bank v. Wieder & Mastroianni, P.C.*, --- F. Supp. 2d ----, 2007 WL 4276881, at *3 (S.D.N.Y. Nov. 26, 2007) (citing *MacDonnell v. Buff. Loan, Trust & Safe Dep. Co.*, 193 N.Y. 92, 101 (1908)).

The conversion claim should be dismissed because the Complaint makes no allegation that Penson did anything rising to the level of tortious conduct. The Complaint merely alleges that "BBH delivered 30,000 shares of the Stock to Pension [sic]" on May 11, 2006 and that "BBH delivered 60,000 shares of the Stock to Penson" on May 12, 2006. (Compl. ¶ 59) It then makes conclusory allegations that Penson purportedly "converted" the stock. (*Id.* ¶ 71) There are no allegations of "independent facts sufficient to give rise to tort liability." *Interstate Adjusters, Inc. v. First Fidelity Bank, N.A.*, 251 A.D.2d 232, 234 (1st Dep't 1998) (dismissing conversion claim). There is no allegation of a demand for the return of the stock. *Regions Bank*, 2007 WL 4276881, at *3. Accordingly, Count VIII, Plaintiffs' cause of action for conversion against Penson, must be dismissed.

It is well-settled that conversion claims cannot lie against banks "because funds deposited with a bank do not constitute a specific and identifiable fund." *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000). Rather, "the relationship between a bank and a depositor is the strictly contractual one of debtor and creditor." *Id.* Thus, "any

funds deposited . . . become the bank's property[, and the] bank at the same time becomes contractually indebted to the depositor . . . ." *Id.* (citing *Miller v. Wells Fargo Bank Int'l Corp.*, 540 F.2d 548, 560 (2d Cir. 1976)). The same logic has been extended to brokerages. *See The High View Fund, L.P. v. Hall*, 27 F. Supp. 2d 420, 429 (S.D.N.Y. 1998); *Fesseha v. TD Waterhouse Inv. Svcs., Inc.*, 305 A.D.2d 268, 269 (1st Dep't 2003) (holding that a cause of action for conversion cannot be sustained in brokerage relationship); *see also Newbro v. Freed*, 409 F. Supp. 2d 386, 396 (S.D.N.Y. 2006) (holding that "there is some authority extending this rule to customers of other financial institutions, such as brokerage houses, who have brought conversion claims against those institutions"). When Penson (according to the Complaint) received the Axion stock, it did so as a clearing brokerage. Once the stock hit Penson's books, it did so in liquid, unidentifiable form. *See Tevdorachvili*, 103 F. Supp. 2d at 643. A claim for conversion cannot stand where the chattel is not discernible. Count VIII should be dismissed.

## POINT III.

## PLAINTIFFS' OTHER CLAIMS SHOULD BE DISMISSED

### A.     The Unjust Enrichment/*Quantum Meruit* Claim Should Be Dismissed.

Count XII alleges "Unjust Enrichment/Quantum Meruit" against Penson, as well as against most of the other defendants. This claim can quickly be disposed of. "Under New York law, '[u]njust enrichment is a quasi-contractual remedy' used 'as an alternative to contract, where a contractual relationship has legally failed.'" *Abbatiello v. Monsanto Co.*, --- F. Supp. 2d ----, 2007 WL 3274771, at *16 (S.D.N.Y. Nov. 2, 2007) (citing cases). Such a claim requires allegations that (1) the plaintiff conferred a benefit upon defendants;(2) the defendants will obtain the conferred benefit without adequately compensating plaintiff; and (3) 'equity and good conscience' require restitution. *Russian Std. Vodka (USA), Inc. v. Allied Domecq Spirits & Wine*

9

*USA, Inc.*, --- F. Supp. 2d ----, 2007 WL 4145277, at *8 (S.D.N.Y. Nov. 20, 2007) (citing *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)) (dismissing unjust enrichment claim).

Here, the only allegation of an improper benefit inuring to Penson is the conclusory allegation that "[a]ll Defendants except Continental and BBH, through their improper conduct, obtained a benefit in the form of the Stock and/or other value from Plaintiffs." (Compl. ¶ 123) This is not sufficient to state a claim against Penson. The only factual allegation about Penson relevant to this Count is that Penson is in wrongful possession of certain of Plaintiffs' securities. (*See id.* ¶¶ 69-71) There is no allegation that Penson is somehow benefited by having possession of Plaintiffs' stock. There likewise is no allegation that Plaintiffs conferred any benefit upon Penson, nor is there any statement or explanation in the Complaint that equity and good conscience require restitution. In short, the allegations are not sufficient to state a claim for unjust enrichment. Count XII must be dismissed.

### B.     Plaintiffs' Conspiracy Claim Should Be Dismissed.

Plaintiffs' claim of civil conspiracy (Count IX) is deficient. The starting point for any conspiracy claim is the fundamental premise that, "under New York law, civil conspiracy to commit fraud 'is not actionable if the underlying independent tort has not been adequately pleaded.'" *Fed. Nat. Mortg. Assoc. v. Olympia Mortg. Corp.*, No. 04 CV 4971(NG)(MDG), 2007 WL 3077045, at *4 (E.D.N.Y. Oct. 22, 2007) (quoting cases). That is because "New York does not recognize the tort of civil conspiracy"; civil conspiracy is not an independent tort. *Kwan v. Schlein*, 441 F. Supp. 2d 491, 506 (S.D.N.Y. 2006) (citing *New Dimensions Spa, Inc. v. Fitness Place Rockville Ctr., Inc.*, 187 A.D.2d 493, 494 (2d Dep't 1992)). Because, as explained above, and as explained in Defendant BBH's Motion to Dismiss, Plaintiffs have failed to state a cause of action for fraud, their conspiracy claim necessarily also fails.

But even if this Court were to find that Plaintiffs have adequately pleaded a fraud claim – and they have not – their conspiracy Count still fails. "In alleging conspiracy, the plaintiff bears the burden of proving (1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage." *Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir. 1986) (citation and internal quotation omitted). "A complaint must 'contain more than general allegations in support of the conspiracy. Rather, it must allege the specific times, facts, and circumstances of the alleged conspiracy.'" *Kashelkar v. Bluestone*, No. 06-Civ.-08323 (LTS)(THK), 2007 WL 2791432, at *7 (S.D.N.Y. Jul. 25, 2007) (citing cases). Here, the Complaint merely alleges: "All Defendants acted in a joint and concerted manner so as to defraud and deceive Plaintiffs and improperly and unlawfully obtain dominion and control over the Axion Shares," and "[a]ll defendants acted in concert and knowingly and willingly engaged in securities fraud." (Compl. ¶¶ 112-13) These allegations are the paradigm of conclusory. And a "bare conclusory allegation of conspiracy," such as the ones in Paragraphs 112 and 113 of the Complaint, "does not state a cause of action." *Kashelkar*, 2007 WL 2791432, at *7. Count IX must also be dismissed.

C. **Plaintiffs' Declaratory Action Count Cannot Stand**

Count XIII likewise cannot stand on its own and must be dismissed. This Count, labeled "Declaratory Action," is not a true cause of action; it is a remedy. *See Econ. Opp. Comm'n of Nassau Cty., Inc. v. Cty. of Nassau*, 106 F. Supp. 2d 433, 443 (E.D.N.Y. 2000) (holding that "a court may only enter a declaratory judgment in favor of a party who has a substantive claim of

11

right to such relief"); *Levine v. Morgenthau*, No. 95 Civ. 8529 (PKL), 1996 WL 396119, at *2 (S.D.N.Y. July 16, 1996) (same). Thus, where, as here, no causes of action exist, there can be no remedy. Accordingly, Count XII should be dismissed.

## CONCLUSION

For the aforementioned reasons, Penson respectfully requests that the Court DISMISS the Complaint for failure to state a claim and for failure to plead with particularity.

Dated: March 10, 2008
      New York, New York

                                              MAYER BROWN LLP

                                              By: /s/ Mark G. Hanchet
                                              Mark G. Hanchet
                                              Jordan Rosenfeld
                                              Jennifer Naeger
                                              1675 Broadway
                                              New York, NY 10019
                                              Tel: (212) 506-2500