James A. Prestiano, Esq. (JP-6699)
THE LAW OFFICES OF
JAMES A. PRESTIANO, P.C.
631 Commack Road, Suite 2A
Commack, New York 11725
Tel. No. (631) 499-6000
Fax. No. (631) 499-6001
*Attorneys for Dwight Parscale*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

AXION POWER INTERNATIONAL, INC.,
WILLIAM AND TRACY AHEARN, h/w,
SALLY FONNER, and JAMES SMITH, M.D.,

       Plaintiffs,

 -against-

MERCATUS & PARTNERS, LTD., MF GLOBAL,
INC., MF GLOBAL, UK, LTD., CARI MASI a/k/a
CARY MASI, BNP PARIBAS SECURITIES
SERVICES, BANCA MB, S.p.A., DWIGHT PARSCALE,
STEPHANO CEVALO, CONTINENTAL STOCK
TRANSFER AND TRUST COMPANY, PENSON
FINANCIAL SERVICES, INC., and BROWN
BROTHERS HARRIMAN & CO.,

       Defendants.

07 CV 11493
(RWS) (AJP)

---

## MEMORANDUM OF LAW

# Table of Contents

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

Preliminary Statement ......................................................................................... 1

Statement Of Facts .............................................................................................. 1

Argument ............................................................................................................. 3

I.      Standard Of Review ................................................................................. 3

II.     Plaintiffs' Fraud Claims Against Parscale Should Be Dismissed ........... 6

III     Plaintiffs' Remaining State Law Claims
        Against Parscale Must Also Be Dismissed ............................................. 9

Conclusion .......................................................................................................... 10

# Table of Authorities

Cases

*Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524 (S.D.N.Y. 2007) ..............................6

*Acito v. IMCERA Grp., Inc.*, 47 F.3d 47 (2d Cir. 1995) ..............................................7

*ATSI Communications, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir 2007) ..........4,5

*Baker v. CSX Transportation, Inc.* 2008 U.S. Dist. LEXIS 16499 (W.D.N.Y. 2008) ..........9

*Ernst & Ernst v. Hochfelder*, 96 S. Ct. 1375 (1976) ....................................................4

*Ganino v. Citizens Utils. Co.*, 228 F.3d 154 (2d Cir. 2000) .....................................3,4,6

*Goplen v. 51job, Inc.* 453 F. Supp. 2d 759 (S.D.N.Y 2006) .........................................6,7

*Hunt v. Enzo Biochem, Inc.*, 530 F Supp. 2d 580 (S.D.N.Y. 2008)......................3,5,6,7

*In re Carter-Wallace, Inc. Sec. Litig.*, 220 F.3d 36 (2d Cir. 2000) ................................4

*Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392 (S.D.N.Y. 2007) .....................................3,5

*Luce v. Edelstein*, 802 F.2d 49 (2d Cir. 1986) ..........................................................4

*Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000) .........................................................4

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) .....................................................4

*Tellabs, Inc. v. Makor*, 127 S. Ct. 2499 (2007) .........................................................4

*SEC v. U.S. Envtl., Inc.*, 155 F.3d 107, 111 (2d Cir. 1998) .........................................4

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761 (2008) ..............8

*United Mine Workers v. Gibbs*, 86 S. Ct. 1130 (1966) ..............................................9

**Statutes**

15 U.S.C. § 78j (2000) …………………………………………………………..2,3,5,6,7,8,9

15 U.S.C. § 78u (2000) …………………………………………………….…1,3,4,5,6,8,9

15 U.S.C. § 78u-4(b)(1) …………………………………………………………………...4,5

15 U.S.C.§ 78u-4(b)(2) …………………………………………………………………....7

28 USC § 1367(c)(3) (2007) …………………………………………………………….9

Fed. R. Civ. P. 9(b) …………………………………………………………..1,3,4,5,8,9

Fed. R. Civ. P. 12(b)(6) …………………………………………………………. 1,3,4,8,9

## **PRELIMINARY STATEMENT**

Defendant Dwight Parscale ("Parscale"), by and through his attorneys, The Law Offices of James A. Prestiano, P.C., submits this memorandum of law in support of his motion pursuant to Federal Rules of Civil Procedure ("FRCP") 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order dismissing the complaint dated December 20, 2007 (the "Complaint") as against Parscale. It is submitted that the Complaint fails to adequately plead a cause of action for securities fraud, as mandated by FRCP 9(b) and the PSLRA. It is further submitted that the Complaint fails to state any claims upon which relief can be granted, pursuant to FRCP Rule 12(b)(6). Accordingly the Complaint as against Parscale must be dismissed,[1] with prejudice.

## **STATEMENT OF FACTS**

On December 9, 2005, the individual Plaintiffs' each entered into stock purchase agreements (collectively referred to as the "Agreements") with defendant Mercatus Partners, Ltd. ("Mercatus") relating to each of the individual Plaintiffs sale of a certain amount of shares of common stock of Axion Power International, Inc. (collectively referred to as the "Axion Shares") to Mercatus at a price of $3 per share. (Complaint at ¶¶ 19, 20, 28, 37 and 46). Purusant to the Agreements, Mercatus was not required to immediately pay for the Axion Shares, rather the Agreements provided that Mercatus did not have to pay for the Axion Shares, until 30 days after Plaintiffs delivered the Axion Shares into an account maintained at defendant Brown Brothers Harriman & Co. (Complaint at ¶¶ 21, 30, 39 and 48). Allegedly, Mercatus has not paid for the Axion Shares nor returned the Axion Shares to the Plaintiffs, and Plaintiffs have commenced this action to obtain the purchase price for the Axion Shares or to have the Axion Shares returned[2]. (Complaint at ¶¶ 25-27, 34-36, 43-45 and 52-54).

---

[1] In addition to the arguments set forth herein, Parscale adopts and incorporates herein the reasoning set forth in the Motions to Dismiss filed on March 10, 2008, by defendants Brown Brothers Harriman & Co. and Penson Financial Services, Inc. for why the Complaint should be dismissed.

[2] It is respectfully submitted that Plaintiffs have merely alleged a breach of contract action against Mercatus and that Plaintiffs are attempting to denote their breach of contract claim as a securities fraud claim naming an additional 9 defendants that are not parties to the Agreements.

1

Plaintiffs commenced this action pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") against ten (10) separate and distinct defendants, including Parscale, based upon an alleged fraud in connection with the Agreements, specifically, Mercatus' alleged failure to pay for or return the Axion Shares. In addition to the Section 10(b) claim, the Complaint contains the following state law based claims against Parscale: (a) breach of implied covenant of good faith and fair dealing contract (Count IV); (b) common law fraud (Count V); (c) misrepresentation (Count VI); (d) negligent misrepresentation (Count VII); (e) conversion (Count VIII); (f) civil conspiracy (Count IX); (g) unjust enrichment/quantum meruit (Count XII); and (h) "declaratory action" (Count XIII).

The only basis for this Court's jurisdiction over this action is Plaintiffs' Section 10(b) claim. (Complaint at ¶ 1). Thus, it is submitted that if the court determines to dismiss the Section 10(b), claim the court should dismiss the remaining state law claims.

The Complaint does not contain any allegations that assert that Parscale was a party or signatory to any of the Agreements upon which Plaintiffs' claim to have suffered damages. In fact, the Complaint is devoid of any specific allegations regarding alleged improper, let alone fraudulent, conduct on the part of Parscale. The Compliant does not allege any specific facts that are sufficient to provide Parscale notice as to why he is being sued in this action.

The Complaint mentions Parscale by name in only two paragraphs: paragraph 15, identifying Parscale as one of the defendants and alleging that Parscale is a "lawyer, agent or employee" of defendant Mercatus and paragraph 79 which baldly asserts that Parscale, grouped together with all of the other 9 defendants, committed securities fraud. There are no further allegations specifically identifying Parscale in the Complaint.

However, there are conclusory allegations contained in the Complaint against various groups of defendants, which purportedly include Parscale. (Complaint ¶¶ 80, 81, 95, 97, 99, 101, 102, 103, 105, 106, 107, 109, 110, 112, 113, 123, 124, 125 and 127). It is submitted that these conclusory allegations, where a number of defendants are grouped, together need not be considered by the court in ruling on Parscale's motion to dismiss. *See Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 400 (S.D.N.Y. 2007).

It is submitted that the Complaint fails to satisfy the exacting pleading requirements required for a federal securities claim as mandated by FRCP 9(b) and the PSLRA. It is submitted, further, that the Plaintiffs' have failed to plead a prima facie case against Parscale for a claim of securities fraud under Section 10(b). Accordingly, Plaintiffs' Section 10(b) claim contained in Count I of the Complaint must be dismissed. Since Plaintiffs' Section 10(b) claim was the only basis for this court's jurisdiction over this matter, it is respectfully submitted that Plaintiffs' remaining state law claims should also be dismissed.

## ARGUMENT

### I.  Standard Of Review

On a motion to dismiss a complaint under FRCP 12(b)(6), the district court must "accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in plaintiff's favor." *See Hunt v. Enzo Biochem, Inc.*, 530 F.Supp. 2d 580, __ (S.D.N.Y. 2008)(citations omitted). Even though plaintiff's allegations are taken as true, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility." *Id.* (citations omitted). Although the complaint need not provide detailed factual allegations, it must amplify a claim with some factual allegations sufficient to render the claim plausible. *Id.* (citations omitted). In addition, bald assertions and conclusions of law will not

3

suffice, because a court need not afford a presumption of truthfulness to legal conclusions, deductions or opinions couched as factual allegations. *Id.* (citations omitted).

Moreover, a claim for securities fraud must satisfy the heightened pleading requirements of FRCP 9(b) and the PSLRA to survive a motion to dismiss. *See ATSI Communications, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007). The Second Circuit in *ATSI* stated that:

> First, a complaint alleging securities fraud must satisfy Rule 9(b), *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168 (2d Cir. 2000), which requires that "the circumstances constituting fraud . . . shall be stated with particularity," Fed. R. Civ. P. 9(b). This pleading constraint serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits. *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). A securities fraud complaint based on misstatements must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000). Allegations that are conclusory or unsupported by factual assertions are insufficient. *See Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).
>
> Second, private securities fraud actions must also meet the PSLRA's pleading requirements or face dismissal. *See* 15 U.S.C. § 78u-4(b)(3)(A). In pleading scienter in an action for money damages requiring proof of a particular state of mind, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." (Fn 3) *Id.* § 78u-4(b)(2). The plaintiff may satisfy this requirement by alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness. *Ganino*, 228 F.3d at 168-69. Moreover, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 168 L. Ed. 2d 179, 127 S. Ct. 2499, 2007 WL 1773208, at *10 (June 21, 2007). For an inference of scienter to be strong, "a reasonable person [must] deem [it] cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* (emphasis added).

4

> *Fn 3.* In a Rule 10b-5 action, scienter requires a showing of "intent to deceive, manipulate, or defraud," Ernst & Ernst v. Hochfelder, 425 U.S. 185, 194 n.12, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976), or reckless conduct, In re Carter-Wallace, Inc. Sec. Litig., 220 F.3d 36, 39 (2d Cir. 2000); SEC v. U.S. Envtl., Inc., 155 F.3d 107, 111 (2d Cir. 1998) (stating in dicta that reckless behavior is sufficient to plead scienter).
>
> If the plaintiff alleges a false statement or omission, the PSLRA also requires that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

*ATSI Communications, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir 2007)

FRCP 9(b) also requires that the detrimental reliance element of a fraud claim be pleaded with particularity and that allegations that are conclusory or unsupported by factual assertions are insufficient. *Enzo Biochem, Inc.*, 530 F.Supp. 2d at __.

Additionally, when multiple defendants are named in an action for fraud or mistake, FRCP Rule 9(b) requires that plaintiffs specifically state what each particular defendant did or said, by what means, when, to whom and with what intent. *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 400 (S.D.N.Y. 2007)(citations omitted). The plaintiff may not rely on sweeping references to acts by all or some of the defendants. *Id.* (citation omitted).

We note that only 2 paragraphs in the Complaint specifically mention Parscale and the Complaint is devoid of any factual allegations with the mandated particularity, that support that Parscale engaged in any kind of wrongdoing, let alone fraudulent conduct. Plaintiffs have failed to plead any specific allegations identifying any misrepresentations or omission by Parscale, or any other fraudulent conduct by Parscale. Nor does the Complaint contain any allegations that Parscale acted with scienter. Based on the standards delineated above, we submit that the Plaintiffs' Section 10(b) claim against Parscale must be dismissed because it fails to meet the

5

pleading requirements mandated by FRCP 9(b) and the PSLRA. Accordingly, Plaintiffs' Section 10(b) claim asserted against Parscale should be dismissed.

II.   Plaintiffs' Fraud Claims Against Parscale Should Be Dismissed

Plaintiffs assert two fraud-based claims against Parscale: violation of Section 10(b) (Count I), and common law fraud[3] (Count V). The Court should dismiss these Counts against Parscale because the Plaintiffs have failed to satisfy the pleading requirements for these fraud claims to survive a motion to dismiss and the Complaint does not allege the elements, such as reliance and loss causation, of these claims as against Parscale.

To state a claim under Section 10(b), a plaintiff must "plead that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir. 2000). Similarly, under New York law to establish a common law fraud claim a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) an intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *See Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524, 533 (S.D.N.Y. 2007)(citations omitted).

As an element of their Section 10(b) and common law fraud claims the Plaintiffs must establish loss causation – to wit: the loss suffered by Plaintiffs must be foreseeable and the loss must be caused by the "materialization of the concealed risk." *See Enzo Biochem, Inc.*, 530 F.Supp. 2d 580, __. (citations omitted). A plaintiff must allege that the subject of the fraudulent

---

[3] The Complaint contains two additional fraud claims against Parscale, that Plaintiffs have denoted as misrepresentation (Count VI) and negligent misrepresentation (Count VII). Based on the discussion set forth herein it is submitted that these claims must also be dismissed for the same reasons as the common law fraud claim.

6

statement or omission was the cause of the actual loss suffered. *Id.* (citations omitted). Thus, in order to plead loss causation, the complaint must allege facts that support an inference that defendants' misstatements and omissions concealed the circumstances that bear upon the loss suffered such that plaintiffs would have been spared all or an ascertainable portion of that loss absent the fraud. *Id.* (citations omitted).

The PSLRA requires a plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The Second Circuit, interprets the PSLRA to require that a plaintiff must either (a) allege facts showing that defendants had both motive and opportunity to commit fraud, or (b) allege facts that serve as "strong circumstantial evidence of conscious misbehavior or recklessness." *See Goplen v. 51job, Inc.* 453 F. Supp. 2d 759, 770-71 (S.D.N.Y. 2006). It is submitted that the Plaintiffs have not alleged facts showing that Parscale had both motive and opportunity to commit fraud or strong circumstantial evidence of Parscale's conscious misbehavior or recklessness.

The Complaint contains no allegations of what Parscale did or did not say. There are no allegations that Parscale made any statements to the Plaintiffs, let alone who he said it to, when it was said or where it was said. Additionally, the Complaint is silent as to Parscale's motive, opportunity or scienter to defraud the Plaintiffs. There are no factual allegations supporting or suggesting that Parscale had a "motive and opportunity to commit fraud," or that serve as "strong circumstantial evidence of conscious misbehavior or recklessness." *See Goplen,* 453 F. Supp. 2d at 770-71. Additionally, there are no allegations that Plaintiffs in any way relied on what Parscale did or did not do and the Complaint also fails to plead "loss causation" against Parscale. *See Enzo Biochem, Inc.*, 530 F.Supp. 2d 580, __.

7

The Complaint merely alleges in conclusory fashion that all ten (10) defendants "engaged in the Scheme with a mental state embracing an intent to deceive, manipulate and defraud and thus acted with the scienter required by Section 10(b)(5)." (Complaint at ¶ 81). We submit that the conclusory allegations contained in the Complaint fail to satisfy the specific pleading requirements for Section 10(b) or fraud under New York law.

There are no allegations that Parscale said anything to Plaintiffs let alone made misstatements or omissions. Plaintiff do not allege facts that indicate that Parscale had any intent to defraud Plaintiffs, or that Plaintiffs relied in any way on Parscale's conduct. We submit that Plaintiffs' "shotgun" allegations against all defendants are legally insufficient.

We note, further, that by grouping Parscale with several other defendants in the allegations contained in the Complaint, Plaintiffs have violated the mandates of both FRCP 9(b) and the PSLRA. The Complaint does not state a single instance of where or how Parscale, acting independently, has made a misrepresentation or omission, or that Parscale had the required intent to defraud Plaintiffs and in some way caused Plaintiffs to rely on his conduct. We also note that the Plaintiff's have failed to plead loss causation with respect to Parscale.

Based on the foregoing, we submit that Counts I, V, VI and VII should be dismissed for failure to plead fraud as required FRCP 9(b) and the PSLRA.

Moreover, independent of failing to plead fraud against Parscale with specificity, we assert that Plaintiffs' alleged theories under Section 10(b) and common law fraud fail to state a claim against Parscale upon which relief can be granted.

Plaintiffs attempt to justify their fraud claims against Parscale by accusing Parscale and the other defendants of engaging in "scheme" to defraud plaintiffs is without merit. *(See* Complaint at ¶ 80). The Supreme Court recently held that such a theory of "scheme" based

8

liability does not give rise to a private cause of action under the federal securities laws. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761,765, 771 (2008)(Court explicitly denounced so-called "scheme liability" because it would revive in substance the implied cause of action against all aiders and abettors who committed no deceptive act in the process of facilitating the fraud, which would be inconsistent with Congress' determination that only the SEC has right to bring such actions).

For all of these reasons, Plaintiffs' Section 10(b) and common law fraud claims asserted against Parscale should be dismissed, with prejudice, pursuant to FRCP 12(b)(6).

Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. 28 U.S.C. 1367(c)(3). *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)(district court, may, in its discretion, dismiss a plaintiff's state law claims where "considerations of judicial economy, convenience, and fairness to the parties" require.) It is submitted that in the event this court dismisses Plaintiffs' Section 10(b) claim then this court should dismiss all of Plaintiffs' state law claims. *See Baker v. CSX Transportation, Inc.* 2008 U.S. Dist. LEXIS 16499 (W.D.N.Y. 2008)(court declined to exercise jurisdiction over remaining state law claims, after federal claims were dismissed). Accordingly, in the event that court dismisses Plaintiffs' Section 10(b) claim, we request that the court dismiss the remaining state law claims.

III     PLAINTIFFS' REMAINING STATE LAW CLAIMS
        AGAINST PARSCALE MUST ALSO BE DISMISSED

The Complaint contains the following additional state law based claims against Parscale: breach of implied covenant of good faith and fair dealing contract (Count IV); conversion (Count VIII); civil conspiracy (Count IX); unjust enrichment/quantum meruit (Count XII); and

9

"declaratory action" (Count XIII). It is submitted that each of these claims for relief asseted against Parscale must be dismissed because the allegations contained in the Complaint are deficient.

With respect to Plaintiffs' purported claim against Parscale for breach of implied covenant of good faith and fair dealing we note that Parscale was not a party to the Agreements. Accordingly, we submit that this claim should be dismissed.

With respect to Plaintiffs' purported claims against Parscale for conversion, civil conspiracy, unjust enrichment/quantum meruit, and "declaratory action." Parscale adopts and joins in the reasoning set forth in the Motions to Dismiss filed on March 10, 2008, by defendants Brown Brothers Harriman & Co. and Penson Financial Services, Inc. for why these claims for relief should be dismissed.

## CONCLUSION

For the aforementioned reasons, Parscale respectfully requests that the Court dismiss the Complaint as against Parscale with prejudice, because the Complaint fails to adequately plead a cause of action for securities fraud, as mandated by FRCP 9(b) and the PSLRA and the Complaint fails to state any claims upon which relief can be granted, pursuant to FRCP Rule 12(b)(6).

Respectfully submitted,

THE LAW OFFICES OF
JAMES A. PRESTIANO, P.C.

James A. Prestiano (JP-6699)
Attorneys for Dwight Parscale
631 Commack Road, Suite 2A
Commack, New York 11725
Tel (631) 499-6000