UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

AXION POWER INTERNATIONAL, INC.,
WILLIAM AND TRACY AHEARN, H/W,
SALLY FONNER, AND
JAMES SMITH, M.D.

        Plaintiffs,

                   07 CV 11493 (RWS)

   -against-

MERCATUS & PARTNERS, LTD.,
CARY MASI
BANCA MB S.P.A.,
DWIGHT PARSCALE,
STEPHANO CEVALO,

        *Defendants*.
------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**


            HELLER, HOROWITZ & FEIT, P.C.


            Richard F. Horowitz (RH 6451)
            Evan R. Shusterman (ES-5211)
            292 Madison Avenue
            New York, New York 10017
            (212) 685-7600
            *Attorneys for Defendants Mercatus, Cevolo and Masi*

## **PRELIMINARY STATEMENT**

This case does not belong in this Court. Diversity of citizenship is the jurisdictional basis alleged in the Amended Complaint. Yet, it is clear that complete diversity of citizenship is not present. We brought this fatal defect to the attention of plaintiffs' counsel and requested that he dismiss the Amended Complaint, but he declined to do so. Hence, we are constrained to make this motion which is an imposition on the litigants and their counsel and upon the valuable time of this Court. Defendants Mercatus & Partners, Ltd. ("Mercatus"), Cary Masi s/h/a Cari Masi a/k/a Cary Masi ("Masi") and Stefano Cevolo s/h/a Stephano Cevalo ("Cevolo"), submit this Memorandum of Law in support of their motion to dismiss Plaintiffs' Amended Complaint.

Plaintiffs have asserted that this Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based on an allegation of diversity of citizenship between the parties. However, since Plaintiff Sally Fonner and Defendant Cary Masi are both citizens of Florida, complete diversity between all of the plaintiffs and all of the defendants does not exist and thus this Court lacks subject matter jurisdiction over this action.

This is not the first time Plaintiffs have incorrectly attempted to invoke federal subject matter jurisdiction. In their Initial Complaint, they alleged that Defendants had violated the Securities and Exchange Act of 1934, claiming federal jurisdiction pursuant 28 U.S.C. § 1331. Plaintiffs later voluntarily dismissed several of the parties and amended their complaint which now mistakenly asserts diversity jurisdiction. We sent Plaintiffs' attorney a "safe harbor letter" informing him that Masi was a citizen of Florida and requesting that Plaintiffs withdraw their complaint, as the Court does not have subject matter jurisdiction. Plaintiffs' attorney responded that he was not prepared to concede that Masi was not a citizen of Georgia. He then

stated that "[Masi] repeatedly and continually held himself out to the world to be a Georgia resident" as Plaintiffs had correspondence and documentation to and from Masi at a Georgia address. However, the Georgia address to which counsel referred is the Georgia office of Mercatus, the corporation for which, the Amended Complaint incorrectly alleges, Masi acts as chief executive officer.

Thus, Plaintiff's argument asserting diversity jurisdiction is neither factually nor legally sufficient. Masi, from time to time works from Mercatus' Georgia office and sends correspondence on Mercatus letterhead which provides Masi's contact information at the Georgia office and lists Masi as "Mercatus Agent." That does not make him a resident, domiciliary or citizen of Georgia. Lastly, even if Masi did hold himself out as a Georgia resident—which he did not do—that would be of no moment since a party cannot waive his right to object to diversity jurisdiction or be estopped by his prior representations from doing so.

Plaintiffs are well aware that Masi is a citizen of the State of Florida; in fact, they had Masi personally served with the Amended Complaint at his Florida residence. Perhaps even more telling, in the section of the Amended Complaint where Plaintiffs' list the parties and their respective locations, each individual is stated to be "residing in" a certain state. Masi, however, is listed as merely "having an address" in the State of Georgia. Amended Complaint ¶ 10 ("Comp. ¶ ___") (stating that "Masi is an individual . . . with an address at . . . Georgia"). While this allegation is simply false, even if Masi had an address in Georgia, that would nevertheless be insufficient to establish his citizenship in that state as he is clearly a domiciliary of the State of Florida.

## **THE FACTS**

Plaintiff Sally Fonner is an individual residing at 1268 Bayshore Boulevard, Dunedin, Florida, 34698. Comp. ¶ 6. Defendant Cary Masi resides at 5101 NW 70th Avenue, Ocala, Florida 33482. Masi Decl. ¶ 2. In fact, on many occasions, Masi has even had discussions with Plaintiff Sally Fonner about their mutual Florida citizenship. Masi Decl. ¶ 5. Masi is registered to vote in Florida and his automobile is registered in Florida. Masi Decl. ¶ 2. Masi has no living quarters in the State of Georgia, and does not reside in Georgia. Masi Decl. ¶ 2. Plaintiffs served the Amended Complaint on Masi at his residence in Ocala, Florida. See Masi Decl. ¶ 5.

Mercatus, a UK Corporation, has an office in Alpharetta, Georgia, where Masi who, Plaintiffs allege, is Chief Executive Officer of Mercatus, sometimes works for Mercatus. Correspondence sent from the Georgia office is printed on Mercatus Letterhead listing Masi as "Mercatus Agent." Masi does not eat meals or sleep at the Georgia Office. Masi Decl. ¶ 4.

Plaintiffs' Initial Complaint was filed on or about December 2007 against numerous other Defendants, namely, MF Global, Inc., BNP Paribas Securities Services, Continental Stock Transfer and Trust Company, Penson Financial Services, Inc., and Brown Brothers Harriman & Co. Initially, Plaintiffs alleged that Defendants had violated the Securities Exchange Act of 1934, Section 10(b), 15 U.S.C. § 78j(b) and thus contended that this Court had jurisdiction under 28 U.S. § 1331 and ancillary jurisdiction over their remaining common law claims pursuant to 28 U.S.C. § 1367.

However, MF Global, Inc., BNP Paribas Securities Services, Continental Stock Transfer and Trust Company, Penson Financial Services, Inc., and Brown Brothers Harriman & Co. as well as Parscale all moved to dismiss for various reasons. When confronted with these

motions to dismiss, Plaintiffs voluntarily withdrew their complaint as to each of these Defendants except for Parscale. Plaintiffs then requested leave to amend their complaint to remove the Securities Exchange Act allegations and to change the purported basis of subject matter jurisdiction from federal question jurisdiction to diversity of citizenship. Despite their knowledge that Masi is a Florida resident, Plaintiffs filed the Amended Complaint, in which, they invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, representing that Defendant Masi is "an individual with an address at 4100 Nine McFarlane Drive, Alpharetta, GA, 30004." Comp. ¶ 10.

In its "safe harbor letter" of June 23, 2008, counsel for Masi reminded Plaintiffs' counsel that Masi is a citizen of Florida and noted that Plaintiffs had served process on Masi at his Florida residence. Masi's counsel informed Plaintiffs' counsel that the complete diversity upon which this Court's jurisdiction was based, therefore did not exist and asked Plaintiffs to voluntarily withdraw their Amended Complaint. Masi's counsel further advised that "if a motion is required to secure the dismissal of the Amended Complaint for lack of subject matter jurisdiction and such a motion is granted, we will move for sanctions under FRCP 11." Exhibit. B to Shusterman Aff.

Plaintiffs' counsel responded to the "safe harbor letter" (Exhibit C to Shusterman Aff.) stating that Masi "has repeatedly and continuously held himself out to the world as a Georgia resident." To bolster its contention, Plaintiffs' counsel attached an April 30, 2008 letter sent from Cevolo to Masi -- referring to Masi as "Mercatus Agent" -- at Mercatus' Alpharetta, Georgia office and also asserted that Plaintiffs had certain correspondence addressed to Masi at an address in Alpharetta, Georgia. Aside from being factually misleading, under the applicable law, to which we now turn, that assertion is an insufficient predicate for diversity jurisdiction.

## ARGUMENT

### I.

### PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED

A.   **Complete Diversity is Lacking**

Under 28 U.S.C § 1332 (a), United States district courts "have original jurisdiction of all civil actions where the matter in controversy . . . is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ." Federal jurisdiction based on such diversity of citizenship "requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'" *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48 (2d Cir., 2000).

Masi is a citizen of the State of Florida. He is domiciled in, resides in, votes in, and registered his automobile in the State of Florida. Masi Decl. ¶ 2. Plaintiffs even personally served Masi at his Florida residence. Masi is not, as Plaintiffs first contend only in response to Defendants' counsel's "safe harbor letter," a resident or citizen of Georgia. (As stated above telling, Plaintiffs only list Masi as "having an address" in Georgia in their Amended Complaint.) He has no living quarters in Georgia and does not reside in Georgia. Masi Decl. ¶ 2. In paragraph 6 of their Amended Complaint, Plaintiffs allege that Sally Fonner is also a citizen of the State of Florida. As both Masi and Fonner are citizens of Florida, complete diversity of citizenship does not exist between the opposing parties in this action and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

**B.    Plaintiffs Have Not Even Alleged that Masi is a Citizen of Georgia.**

"[I]t is well established that "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322-23 (2d Cir., 2001).

For the purposes of meeting the requirements of jurisdiction under 28 U.S.C. § 1332 (a), citizenship is "wholly different" than residence. *Steigleder v. McQuesten*, 198 U.S. 141, 25 S.Ct. 616 (1905). Thus, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44 (2d Cir., 1996); *See McIntosh v. Pierce*, 75 Fed. Appx. 833 (2d Cir., 2003) (affirming a district court's decision to dismiss for lack of complete diversity when the plaintiff's complaint "was not entirely clear in alleging citizenship, rather than residency or location"); *John Birch Soc'y v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir.,1967) (stating that "it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens"); *Steigleder*, 198 U.S. 141, 25 S.Ct. 616 (1905) (stating that "a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction").

Domicile, then, is the true test of citizenship for the purposes of determining diversity jurisdiction. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 41 (2d Cir., 2000). Domicile is defined as "'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo*, 232 F.3d at 41 (2000). "At any given time, a person has but one domicile." *Palazzo*, 232 F.3d at 41 (2000).

Plaintiffs have not satisfied their burden of alleging, much less demonstrating, that Masi is a citizen of Georgia for diversity jurisdiction purposes. In fact, in their Amended Complaint, they assert merely that "Masi . . . is an individual with an address" in Georgia, which is far from sufficient to allege properly a party's citizenship for the purposes of diversity jurisdiction. It is particularly telling that, in listing the parties in the Amended Complaint, Plaintiffs list all the other individual Defendants as "residing at" a certain address. Masi is the only individual listed as being "with an address." Simply put, Masi is not a resident of Georgia and apparently Plaintiffs know it. Any claim by Plaintiffs that Masi is a resident of Georgia is simply false. Furthermore, even if Plaintiffs could demonstrate that Masi had a residence in Georgia, which he does not, that assertion of diversity jurisdiction would still be insufficient as having a residence alone does not prove domicile, which is the true test of citizenship for diversity jurisdiction purposes.

C.  **The Absence of Subject Matter Jurisdiction Is Non-Waivable and Defendants Cannot be Estopped from Objecting to the Court's Subject Matter Jurisdiction**

It is fundamental that federal courts are of limited jurisdiction and only have that jurisdiction that Congress confers upon them. It follows that subject matter jurisdiction, being so basic, cannot be waived and a party cannot be estopped by his conduct from raising a defense of lack of subject matter jurisdiction. Thus, "'[P]rinciples of estoppel do not apply to questions of subject matter jurisdiction'" *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir., 2000) *quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) and *citing Wight v. Bankamerica Corp.*, 219 F.3d 79, 90 (2d Cir., 2000) (stating that "irrespective of how the parties conduct their

case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits"), *In re Southwestern Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir.) (stating that "[j]udicial estoppel ... cannot conclusively establish jurisdictional facts"), *aff'd en banc*, 542 F.2d 297 (5th Cir., 1976), rev'd on other grounds, *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). Nor do principles of waiver apply to subject matter jurisdiction. *See Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 321 (2d Cir., 2001) (stating that "'subject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power'").

Thus, any allegation by Plaintiffs that Masi "held himself out to be" a resident of Georgia (see Exhibit C to Shusterman Aff.), is deficient both factually and legally. At no point did Masi ever represent that he was a resident or citizen of the State of Georgia. Masi Decl. ¶ 6. There is no dispute that periodically Masi went to work at Mercatus' Georgia office. Masi's correspondence to and from the Georgia office was on Mercatus Letterhead which further refers to Masi as "Mercatus Agent." Masi Decl. ¶ 3. However, the Georgia office is just that: an office. Masi does not live there. In fact, on more than one occasion, Masi explicitly discussed with one of the Plaintiffs the fact that he lived in Ocala, Florida. Masi Decl. ¶ 6.

However, even if it were true that Masi held himself out to be a resident of Georgia, that would not make him a Georgia citizen for diversity purposes as subject matter jurisdiction is non-waivable and a party cannot be estopped from raising an objection to the court's subject matter jurisdiction. *Herrick Co., Inc. v.*, 251 F.3d at 321 (2d Cir., 2001); *Creaciones Con Idea, S.A. de C.V.*, 232 F.3d at 82 (2d Cir., 2000). There "is an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits." *Wight v. Bankamerica Corp.*, 219 F.3d 79, 90 (2d Cir.2000). One party's representations and the other

party's reliance are thus immaterial to whether a federal court has jurisdiction over the parties' dispute, where federal jurisdiction is based on diversity of citizenship. Thus, even if Masi had, as Plaintiffs claim, "repeatedly and continuously held himself out to the world as a Georgia resident," (see Exhibit C to Shusterman Aff.), (which he clearly did not) Masi would still be a citizen of Florida and of no other state for the purposes of federal jurisdiction.

## CONCLUSION

Based upon the foregoing, Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction under 28 U.S.C § 1332 due to the absence of complete diversity of citizenship.

Dated: New York, New York
July 8, 2008

Respectfully submitted,

Heller, Horowitz & Feit, P.C.

By: _____
Richard F. Horowitz (RH 6451)
Evan R. Shusterman (ES-5211)
292 Madison Avenue
New York, New York 10017
(212) 685-7600
*Attorneys for Defendants Mercatus, Cevolo and Masi*