William P. Frank
Donald D. Lewis
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendant Banca MB S.p.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AXION POWER INTERNATIONAL, INC., :
WILLIAM AND TRACY AHEARN, h/w,
SALLY FONNER, and JAMES SMITH, M.D., :

        Plaintiffs,    :    07-CV-11493 (RWS)

        -against-    :    DECLARATION OF
                                                 DONALD D. LEWIS
MERCATUS & PARTNERS, LTD., CARI MASI : IN SUPPORT OF MOTION TO
a/k/a CARY MASI, STEPHEN CEVOLO,       DISMISS THE AMENDED
BANCA MB S.p.A., and DWIGHT PARSCALE, : COMPLAINT

        Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        DONALD D. LEWIS, pursuant to 28 U.S.C. § 1746, declares under penalties of perjury as follows:

        I am a member of the Bar of this Court and an associate of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendant Banca MB S.p.A. I submit this Declaration in support of Defendant Banca MB S.p.A.'s Motion to Dismiss the Amended Complaint, and to place before the Court (pursuant to Section 5.2 of the Electronic Case Filing

and Rules & Instructions for the Southern District of New York) a true and correct copy of relevant excerpts of the following document:

Exhibit

A.  Custodial Agreement between Banca MB S.p.A. and Brown Brothers Harriman & Co., dated September 7, 2005.

Dated: July 31, 2008
       New York, New York

_____
Donald D. Lewis

# EXHIBIT A

## CUSTODIAN AGREEMENT

*THIS AGREEMENT*, dated as of September 7, 2005, between **Banca MB SpA**, (the **Bank**), and **BROWN BROTHERS HARRIMAN & CO.**, a limited partnership formed under the laws of the State of New York (**BBH&Co.** or the **Custodian**),

*WITNESSETH:*

*WHEREAS*, the Bank serves as custodian for certain of its customers (**Customers**);

*WHEREAS*, the Bank wishes to employ BBH&Co. to act as global custodian for the Bank on behalf of its Customers and to provide related services, all as provided herein, and BBH&Co. is willing to accept such employment, subject to the terms and conditions herein set forth;

*NOW, THEREFORE*, in consideration of the mutual covenants and agreements herein contained, the Bank and BBH&Co. hereby agree, as follows:

1.  *Appointment of Custodian.* The Bank hereby appoints BBH&Co. as the Bank's global custodian, and BBH&Co. hereby accepts such appointment. All investments of the Bank or its Customers delivered to the Custodian or its agents or Subcustodians (hereinafter collectively referred to as **Investments**) shall be dealt with as provided in this Agreement. The duties of the Custodian with respect to such Investments shall be only as set forth expressly in this Agreement which duties are generally comprised of safekeeping and various administrative duties that will be performed in accordance with Instructions and as reasonably required to effect Instructions.

2.  *Representations, Warranties and Covenants of the Bank.* The Bank hereby represents, warrants and covenants each of the following:

    2.1 This Agreement has been, and at the time of delivery of each Instruction such Instruction will have been, duly authorized, executed and delivered by the Bank. This Agreement does not violate any Applicable Law or conflict with or constitute a default under the Bank's prospectus, articles of organization or other constitutive document, agreement, judgment, order or decree to which the Bank is a party or by which it or its Investments is bound, including without limitation any agreement in effect between the Bank and any of its Customers whose assets may be maintained under this Agreement.

using such sources and furnishing such information.

12. *Miscellaneous.*

12.1 *Powers of Attorney, etc.* The Bank will promptly execute and deliver, upon request, such proxies, powers of attorney or other instruments as may be necessary or desirable for the Custodian to provide, or to cause any Subcustodian to provide, custody services.

12.2 *Entire Agreement.* Except as specifically provided herein, this Agreement constitutes the entire agreement between the Bank and the Custodian and supersedes any other oral or written agreements heretofore in effect between the Bank and the Custodian with respect to the subject matter hereof.. No provision of this Agreement may be amended or terminated except by an instrument in writing signed by the party against which enforcement of the amendment or termination is sought, provided, however, that an Instruction shall, whether or not such Instruction shall constitute a waiver, amendment or modification for purposes hereof, be deemed to have been accepted by the Custodian when it commences actions pursuant thereto or in accordance therewith. In the event of a conflict between the terms of this Agreement and the terms of a service level agreement or other operating agreement in place between the parties from time to time, the terms of this Agreement shall control.

12.3 *Binding Effect; Assignment.* This Agreement shall be binding upon and shall inure to the benefit of the Custodian and the Bank and their successors and assignees, provided that the Bank may not assign this Agreement without the prior written consent of the Custodian. Each party agrees that only the parties to this agreement and /or their successors in interest shall have a right to enforce the terms of this Agreement. Accordingly, no client of the Bank or other third party shall have any rights under this Agreement and such rights are explicitly disclaimed by the parties.

12.4 *GOVERNING LAW, JURISDICTION AND VENUE.* THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH, AND BE GOVERNED BY THE LAWS OF, THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO THE CONFLICTS OF LAW OF SUCH STATE. THE PARTIES HERETO IRREVOCABLY CONSENT TO THE EXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK AND THE FEDERAL COURTS LOCATED IN NEW YORK CITY. THE BANK IRREVOCABLY WAIVES ANY OBJECTION IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY ACTION OR PROCEEDING IN ANY OF THE AFORESAID COURTS AND ANY CLAIM THAT ANY SUCH ACTION OR PROCEEDING HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. FURTHERMORE, EACH PARTY HERETO IRREVOCABLY WAIVES ANY RIGHT THAT IT MAY HAVE TO TRIAL BY JURY IN

documents and performance of other actions necessary or desirable in order to facilitate the succession of the new custodian. If no successor custodian shall be appointed, the Custodian shall in like manner transfer the Bank's Investments in accordance with Instructions.

15.4 *Delayed Succession.* If no Instruction has been given as of the effective date of termination, Custodian may at any time on or after such termination date and upon ten (10) consecutive calendar days written notice to the Bank either (a) deliver the Investments of the Bank held hereunder to the Bank at the address designated for receipt of notices hereunder; or (b) deliver any Investments held hereunder to a bank or trust company having a capitalization of $2M equivalent and operating under the Applicable Law of the jurisdiction where such Investments are located, such delivery to be at the risk of the Bank. In the event that Investments or moneys of the Bank remain in the custody of the Custodian or its Subcustodians after the date of termination owing to the failure of the Bank to issue Instructions with respect to their disposition or owing to the fact that such disposition could not be accomplished in accordance with such Instructions despite diligent efforts of the Custodian, the Custodian shall be entitled to compensation for its services with respect to such Investments and moneys during such period as the Custodian or its Subcustodians retain possession of such items and the provisions of this Agreement shall remain in full force and effect until disposition in accordance with this Section is accomplished.

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement to be duly executed as of the date first above written.

The undersigned acknowledges that (I/we) have received a copy of this document.

| BROWN BROTHERS HARRIMAN & CO. | BANCA MB SpA |
|---|---|
| By: _Michael F. Hogan_ | By: _[signature]_ |
| Name: | Name: Giuseppe De Lucia Lumeno |
| Title: Senior Vice President | Title: Managing Director |
| Date: 9/21/05 | Date: Milan, September 7, 2005 |

25