UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

AXION POWER INTERNATIONAL, INC.,
WILLIAM AND TRACY AHEARN, H/W,
SALLY FONNER, AND
JAMES SMITH, M.D.

                               Plaintiffs,

                                                      07 CV 11493 (RWS)

-against-

MERCATUS & PARTNERS, LTD.,
BANCA MB S.P.A.,
DWIGHT PARSCALE,
STEPHANO CEVALO,

                               *Defendants.*
------------------------------------X

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CEVOLO'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A CLAIM AGAINST HIM AND IN FURTHER
SUPPORT OF CEVOLO'S AND MERCATUS' MOTION FOR STAY

                                     HELLER, HOROWITZ & FEIT, P.C.

                                     **Richard F. Horowitz (RH 6451)**
                                     **Evan R. Shusterman (ES-5211)**
                                     **292 Madison Avenue**
                                     **New York, New York 10017**
                                     **(212) 685-7600**
                                     *Attorneys for Defendants Mercatus and Cevolo*

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**..................................................................................................1

**ARGUMENT**..............................................................................................................................1

    I.    **CEVOLO'S AND MERCATUS' MOTION FOR A STAY
IS UNOPPOSED AND THEREFORE SHOULD BE GRANTED**..................2

    II.   **CEVOLO IS AN ITALIAN CITIZEN WITH NO TIES TO
NEW YORK -- BUSINESS OR OTHERWISE -- AND
THEREFORE THIS COURT LACKS PERSONAL
JURISDICTION OVER HIM**............................................................................2

        A.  Cevolo Does Not "Do Business" in New York; Plaintiffs Have
Failed to Allege a Single Fact to the Contrary..........................................3

        B.  Plaintiffs' Claim that Mercatus is Cevolo's Agent in
New York is Totally Unsupported.............................................................4

        C.  The Forum Selection Clause Does Not
Confer Jurisdiction over Cevolo................................................................6

    III.  **THE FRAUD CLAIMS AGAINST CEVOLO DO NOT STATE
A CLAIM AND ARE COMPLETELY DUPLICATIVE
OF PLAINTIFFS' BREACH OF CONTRACT CLAIMS**...............................7

        A.  Plaintiffs Have Not Pleaded Fraud with the Requisite
Specificity Required by FRCP 9(b)...........................................................7

        B.  The Fraud Claims Are Completely Duplicative
of Their Breach of Contract Claims..........................................................8

        C.  Plaintiffs Have Not Alleged Damage
Resulting from the Alleged Fraud.............................................................9

**CONCLUSION**........................................................................................................................10

## **PRELIMINARY STATEMENT**

This Court should reject Plaintiffs' attempt to cure the deficiencies in their pleadings through unsupported and conclusory allegations in their unsworn Opposing Brief. They do not request leave to re-amend their Complaint nor should this Court permit them to do so. Even if this Court were to consider the allegations of the Opposition Brief as supplementing the Amended Complaint, Plaintiffs would still not sustain their burden of alleging a *prima facie* basis for exercising jurisdiction over Cevolo or pleading fraud with the specificity required by FRCP 9(b).

Indeed, Plaintiffs' allegations of fraud are identical to Plaintiffs' breach of contract claims, and must be dismissed for that reason as well.

Finally, Plaintiffs do not offer any opposition to Cevolo's and Mercatus' motion for a stay of all proceedings pending the outcome of the threshold matter of the jurisdiction question. That motion should accordingly be granted without opposition.

## **ARGUMENT**

"[I]t is axiomatic that the complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Dietrich v. Bauer*, 76 F.Supp.2d 312, 328 (Sweet, J.) (S.D.N.Y., 1999)(citing *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y., 1989). Plaintiffs' initial complaint was insufficient to confer jurisdiction or state a claim against Dr. Stefano Cevolo; their second try, the Amended Complaint, is likewise deficient. Plaintiffs do not submit any sworn statement to cure the numerous deficiencies of their Amended Complaint. Rather, Cevolo's uncontroverted Declaration in support of this motion shows that Cevolo's motion to dismiss the Amended Complaint should be granted because: (a) as a

threshold matter, personal jurisdiction over him does not exist and (b) the Complaint utterly fails to state a claim against Cevolo.

## I. CEVOLO'S AND MERCATUS' MOTION FOR A STAY IS UNOPPOSED AND THEREFORE SHOULD BE GRANTED

Not one word in Plaintiffs' 25-page Opposition Brief offers any opposition to Defendants' Motion for a stay of proceedings pending the outcome of Cevolo's motion to dismiss. Therefore, it should be granted as unopposed. To reiterate, however, the basis for Mercatus' request that the Court stay all proceedings is that the personal jurisdictional issue should be dealt with as a threshold matter because, if the Court lacks personal jurisdiction over a defendant, it has no power to act and should not make any determination concerning the merits of the claim.

## II. CEVOLO IS AN ITALIAN CITIZEN WITH NO TIES TO NEW YORK -- BUSINESS OR OTHERWISE -- AND THEREFORE THIS COURT LACKS PERSONAL JURISDICTION OVER HIM

Plaintiffs' response to Cevolo's jurisdictional motion consists of over 17-pages of repetition and conflation evidencing a clear misunderstanding of the applicable case law. Their opposition boils down to one argument: this Court should consider Mercatus as the agent of Cevolo for jurisdictional purposes and, because this Court has personal jurisdiction over Mercatus it therefore has jurisdiction over Cevolo. This argument fails for one major reason: the agency-for-jurisdiction rule only applies where the Court has jurisdiction over the foreign corporate entity *based on its contacts with New York*. Here, however, this Court has jurisdiction over Mercatus only because Mercatus *consented* to jurisdiction in New York for the purposes of claims arising under the Agreement. Since it is clear that neither Cevolo nor Mercatus have the requisite contact with New York, this Court lacks jurisdiction over Cevolo on any theory.

A. Cevolo Does Not "Do Business" in New York; Plaintiffs Have Failed to Allege a Single Fact to the Contrary

Plaintiffs' opposition to Cevolo's motion to dismiss for lack of jurisdiction is nothing more than repetition of the legal conclusion that "upon information and belief Cevolo does business in New York." See Opp. Brief at 4-5. Plaintiffs have submitted absolutely no admissible evidence to contest Cevolo's Declaration, which states unequivocally that he does not do business in New York. Plaintiffs themselves concede that a plaintiff must allege that defendant "engaged in such a systematic course of 'doing business' as to warrant a finding of its 'presence' in this jurisdiction." Brief in Opp. at 5, fn3 (citing *Laufer v. Ostrow*, 55 N.Y.2d 305, 310 (1982)). Plaintiffs have not even conclusorily alleged that Cevolo has this type of systematic contact with New York. (Though it remains Defendant's position that the "doing business" standard does not apply to individuals, Defendant will address Plaintiffs' unsupportable position as if it did.)

In a recent similar situation, plaintiff's only allegation regarding the defendant foreign corporation's contacts with New York was that it was "doing business in New York." *Stutts v. De Dietrich Group*, 465 F.Supp.2d 156, 161 (E.D.N.Y., 2006). Citing *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 536 (1967), Judge Glasser reiterated that "a foreign corporation...is 'doing business' in New York within the meaning of the statute 'if it is engaged in such continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction.'" The defendant in *Stutts* -- as Cevolo here -- also submitted a sworn affidavit which made clear that it had no direct contact with New York. The Court went on to hold that:

> "[p]laintiffs fail to allege sufficient facts suggesting that [defendant] has any direct contacts with New York. Indeed, in the complaint, plaintiffs merely allege that it is a 'Swiss company

3

> doing business in New York.' These allegations fall far short of establishing that [defendant] is engaged in 'a continuous and systematic course of business' in New York. To the contrary, a sworn affidavit from [defendant] makes clear that [defendant] has no direct contacts with New York..."

Here, because Plaintiffs offer no factual response to contradict Cevolo's Declaration in which he unequivocally states that he has no meaningful contact with New York State, Plaintiffs have not alleged a *prima facie* case as to jurisdiction over Cevolo.

B. <u>Plaintiffs' Claim that Mercatus is Cevolo's Agent in New York is Totally Unsupported</u>

Plaintiffs now have a totally new theory. It is that Mercatus, a British corporation, is an agent of Cevolo. This eleventh hour exercise in creativity is unfounded and factually unsupportable.

In *Beattie v. Osborn*, 431 F.Supp.2d 367, 389-90 (S.D.N.Y., 2006), cited by Plaintiffs for the proposition that a corporation may act as its officer's agent for the purposes of finding personal jurisdiction, Judge Leisure held that *plaintiffs had failed* to establish jurisdiction over the chief executive officer of a foreign corporation because they insufficiently alleged some or all of the following : (1) that the corporation engaged in purposeful activities in New York in relation to the transaction; (2) that the corporation's activities were performed for the benefit of the individual defendant; (3) that the corporation's activities were performed with the knowledge and consent of the individual defendant; and (4) that the individual defendant exercised some control over the corporation. (citing *Kreutter v. McFadden Oil Corp.*, 527 N.Y.S.2d 195, 522 N.E.2d 40, 44 (1988).

Plaintiffs' position falls short on the very first factor because Mercatus did not engage in purposeful activities in New York in relation to the transaction. Nowhere in the Amended Complaint do they allege that Mercatus has done *any* purposeful activities in New

4

York, let alone in relation to the alleged transaction. In fact, the *only* reason that Mercatus has not moved to dismiss for lack of personal jurisdiction is that it consented to jurisdiction in New York.

The only two instances of Mercatus' alleged "purposeful activities within New York" which Plaintiffs can come up with which even arguably relate to the alleged transaction are that: (a) the "Agreement includes a New York choice-of-law clause," and (b) each plaintiff allegedly delivered their stock to a "custodial bank" in New York. Neither is sufficient.

To contend that consenting to a New York forum selection clause constitutes "purposeful activities" occurring in New York is absurd. Plaintiffs never allege that Defendant negotiated, drafted or executed the agreements in New York. In their Brief, Plaintiffs allege only that "[i]n the instant matter, Mercatus drafted, offered to Plaintiffs, and entered into the SICAV Agreements." They do not claim that any of these activities took place in New York. Opp. Brief at 10.

The only other allegation of Mercatus' alleged "purposeful activities in New York" is that "the Individual Plaintiffs delivered their stock" to a bank in New York. *Id*. It is incongruous for, Plaintiffs to contend that Plaintiffs' own behavior, Defendant Mercatus has somehow committed purposeful activities here. The case law is clear, that jurisdiction over Defendant may *not* be based on the activities of the Plaintiff. See *International Customs Associates, Inc. v. Ford Motor Co.*, 893 F.Supp. 1251, 1262 (S.D.N.Y.,1995) ("The appropriate focus of an inquiry under CPLR § 302(a)(1) is on what the non-domiciliary defendant did in New York and not on what the plaintiffs did.")(citing *Laufer*, 55 N.Y.2d at 312)(a plaintiff may not rely solely on the plaintiff's own activity in New York for purposes of CPLR § 302). See also, *Marble Tile Imports v. Mihelich and Assocs.*, 1993 WL 177805, *2, No. 92 Civ. 1934

(LAP), (S.D.N.Y., 1993)(the unilateral activity of the plaintiff does not support jurisdiction over a non-domiciliary defendant)(citations omitted.) As Plaintiffs have not and cannot allege that *Mercatus* committed "purposeful activities in New York" (even taking into account the allegations of the Brief in Opposition, which are not properly before this Court), Plaintiffs cannot sustain their agency theory of jurisdiction. See *Broad Horizons, Inc. v. Central Crude Ltd.*, 1994 WL 623075 *2-4, No. 94 CIV. 1593 (PKL)(S.D.N.Y., 1994)(holding that where a contract called for payments to be made in New York, among other things, defendants had still not participated in "purposeful activities.")

Nor does the Amended Complaint contain allegations supporting the remaining three factors for establishing an agency basis for jurisdiction. Plaintiffs allege only that Cevolo is "an individual officer of Mercatus residing in Italy." Comp. at 11. They do not allege that he has any control over the Company; they do not allege that he benefits directly from the Company or its alleged business transactions. (In fact, the Complaint alleges that Cary Masi, not Cevolo, is "an individual, Chief Executive Officer of Mercatus…" Masi was voluntarily dismissed by Plaintiffs following his 12(b)(1) motion to dismiss.) The only remaining allegations against Cevolo are that he sent emails or letters from Italy, allegedly "advising [plaintiffs] that payment for the portion of their shares from [the Agreements] would be made…" Comp at ¶28(i), 28(vi). Clearly this cannot be considered "control" or "benefit" under any reading of the allegations.

C. The Forum Selection Clause Does Not Confer Jurisdiction over Cevolo

Plaintiffs attempt to recast their agency argument by invoking the obvious proposition that *parties* may submit to the jurisdiction of virtually any forum by consenting to it in writing. Opp. Brief at 13. But this proposition has nothing to do with Plaintiffs' attempt to obtain jurisdiction over Cevolo, who did not execute the Agreements on behalf of Mercatus and

never consented to jurisdiction.

### III. THE FRAUD CLAIMS AGAINST CEVOLO DO NOT STATE A CLAIM AND ARE COMPLETELY DUPLICATIVE OF PLAINTIFFS' BREACH OF CONTRACT CLAIMS

Plaintiffs' desperate attempts to cure the deficiencies of their claims against Cevolo in their unsworn Memorandum of Law, should be rejected However, even if the Court were to consider the allegations in the Memorandum in Opposition, the fraud claims against Cevolo would nonetheless be deficient.

#### A. Plaintiffs Have Not Pleaded Fraud with the Requisite Specificity Required by FRCP 9(b)

Plaintiffs never address Cevolo's argument that Plaintiffs fail to satisfy the heightened standard for pleading fraud imposed by Rule 9(b). See Def. Memo at 15-16. Plaintiffs' repeated protestations to the contrary notwithstanding, it is *undisputed* that there is not a single act of fraud against Cevolo in the Amended Complaint alleged to have occurred prior to Plaintiffs executing the Agreements at issue. Plaintiffs absurdly claim that Cevolo induced them to enter the Agreements over one month *after* they had already entered the Agreements. In a desperate attempt to prejudice this Court, Plaintiffs cited to other actions where Mercatus is named as a defendant. As Plaintiffs well know, Cevolo is not named as a defendant in any of those actions and none of the plaintiffs in any of those cases claimed that the New York courts had jurisdiction over Cevolo. In none of those cases was there a finding against Mercatus, let alone Cevolo.

Two of the necessary elements of fraud are that the representation made was false and that the speaker knew it to be false when made. See Opp. Brief at 18, fn11 (citing *Joffenberg v. Joffman & Pollack*, 248 F.Supp.2d 303, 310 (S.D.N.Y., 2003)(Sweet, J.))

7

Plaintiffs allege that Cevolo committed fraud by representing to them that: (a) the stock would go into a safekeeping custodial account; (b) that Mercatus would pay them the purchase price; but (c) if Mercatus did not pay the purchase price, then Plaintiffs could "contact BBH&C [the custodial bank account holder] directly and demand the return of their shares and that BBH&C would comply with such demands." See Opp Brief at 19. But, allegation that these representations were false and that Cevolo knew of their falsity when making them is foreclosed by the factual allegation Plaintiffs include for the first time on page 23 of the Brief. They state that "Axion Power International, Inc, [a named Plaintiff in this action] *successfully retrieved* the 1 million shares of Axion Stock from the bank holding the Stock after numerous communications [with the Bank]..." (emphasis added) In other words, Plaintiffs' own allegation shows that the Stock *was* deposited in a safe-keeping account and that when the condition of payment of the purchase price was not met, they were able to demand the return of the Stock directly from the Bank.

      B. <u>The Fraud Claims Are Completely Duplicative of Their Breach of Contract Claims</u>

Without even addressing the cases cited by Defendants in their moving Brief, Plaintiffs, once again without submitting a single affidavit, allegation or evidence, merely recite the list of "false promises" which were allegedly used to induce Plaintiffs into signing the SICAV agreements. What Plaintiffs ignore, however, is that each and every "promise" that Plaintiffs say was "false" is the *identical* condition of the Agreements that they claim were breached by Mercatus.

Thus, Plaintiffs tell this Court that Mercatus breached its Agreements with Plaintiffs because it: failed to pay the purchase price for the stock, did not place the stock in a safe-keeping account, and did not allow them to retrieve the stock if they were not timely paid

8

the purchase price. Comp. at ¶¶46-50. Plaintiffs remarkably tell this Court that Cevolo *committed fraud* because Mercatus: failed to pay the purchase price for the stock, did not place the stock in a safe-keeping account, and did not allow them to retrieve the stock if they were not timely paid the purchase price. See Opp. Brief at 24. While, Plaintiffs have the gall to state that "those promises were extraneous to the SICAV Agreements..." (*Id)*, this is perhaps the most obvious case of a breach of contract claim masquerading as a fraud claim. The fraud claim is not only duplicative of the contract claim, it is *identical*, and Plaintiffs cannot simultaneously maintain both causes of action.

C. Plaintiffs Have Not Alleged Damage Resulting from the Alleged Fraud

To plead a claim for fraud in New York, plaintiff must allege that the false, material representation relied on by plaintiff actually caused some injury to plaintiff. *See Glassman v. Zoref*, 291 A.D.2d 430 (2d Dept., 2002) (dismissing a cause of action for fraud where "[t]he plaintiff failed to demonstrate the existence of a cause of action to recover damages for fraud, as she did not adequately plead...how those misrepresentations caused her any injury...")(citations omitted)

In the Amended Complaint, Plaintiffs allege that Cevolo committed fraud which resulted in Plaintiffs failing to demand the return of their stock. However, they do not allege how they were damaged in any way by the delay in the return of their stock. In their Brief, Plaintiffs tautologically allege that the damage resulting from Cevolo's fraud against them in convincing them not to ask for their stock back for one month after they delivered the stock to Mercatus was that they otherwise "would have attempted to retrieve the Stock immediately" and that this "caused Plaintiffs great injury." Opp. Brief at 21, 22. That is it; nothing more. Short of this "through the looking glass" logic, there is not a single allegation that Plaintiffs were *actually*

9

*damaged* at all by the alleged failure to return the Stock. Plaintiffs have therefore, failed to sufficiently plead their fraud claim for this reason as well.

## CONCLUSION

Simply put, there is no jurisdiction over Cevolo and there is no fraud claim against him either. What is alleged is a breach of contract claim against a corporation that has consented to jurisdiction in New York. Plaintiffs have not alleged a single ground for this Court to maintain personal jurisdiction over Defendant Cevolo, an Italian citizen. Plaintiffs' fraud claim against Cevolo is trumped up, transparent and abusive, and should be dismissed. Mercatus' motion for a stay of all proceedings pending this Court's ruling on the threshold jurisdictional issue as to Cevolo should be granted without opposition.

Respectfully submitted,

HELLER, HOROWITZ & FEIT, P.C.

By: _____
Richard F. Horowitz (RH 6451)
Evan R. Shusterman (ES-5211)
292 Madison Avenue
New York, New York 10017
(212) 685-7600
*Attorneys for Defendants Mercatus and Cevolo*